## Case No. 12,310.

In re SANFORD.

[7 N. B. R. 351.] [1]

District Court, E. D. Wisconsin. 1873.

BANKRUPTCY — ACT OF — MORTGAGE — INTENT TO HINDER AND DELAY CREDITORS.

Where a petitioning creditor alleges in his petition, as an act of bankruptcy, that on the 29th day of October, 1870, the debtor made certain transfers of real and personal property with intent to delay his creditors; and the debtor, in his answer (which was supported by

1 [Reprinted by permission.]

the proof), showed that the transfers were by way of mortgages. That both mortgages were given to secure the same sum ($1,080), borrowed by the debtor on the 29th day of October, 1870, from the mortgagee, in order to relieve the debtor's stock in business from a contested attachment, and thus enable the debtor to go on in his business of manufacturing shingles. That the loan was specifically to settle this attachment suit, and also to pay the only overdue paper of the debtor, known by the mortgagee to be outstanding, except only such secured paper as the mortgagee already had. *Held*, that as the mortgages were based upon a present consideration, and were neither given nor received with any intent to delay creditors, they did not constitute an act of bankruptcy. Petition dismissed at cost of petitioning creditor.

S. W. Alden filed petition April 28, 1871, against Sylvester Sanford, alleging as the act of bankruptcy, that on the 29th of October, 1870, the debtor made certain transfers of real and personal property, with intent to delay his creditors. The debtor answered, and the proof supporting the answer showed that the transfers were by way of mortgage; that both mortgages were given to secure the same sum of $1,080, borrowed by the debtor on the 29th of October, 1870, from the mortgagee, in order to relieve his stock in business from a contested attachment, and thus enable the debtor to go on in his business of manufacturing shingles; that the loan was specifically to settle this attachment suit, and also to pay the only overdue paper of the debtor known by the mortgagee to be outstanding, except only such secured paper as the mortgagee himself already had.

THE COURT (MILLER, District Judge) held that as the mortgages were based upon a present consideration, and were neither given nor received with any intent to delay creditors, they did not constitute an act of bankruptcy.

The petition was therefore dismissed at the cost of the petitioner.